UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ZAVARELLA FAMILY LIMITED PARTNERSHIP, LLC. | : : : | Case No. 10-21365 |
| Debtor. | : : | |
| In re: | : : | Chapter 11 |
| EMIDIO WOODWORKING & SONS, INC. | : : | Case No. 10-21357 |
| Debtor. | : : | |

## MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Atlas Partners Mortgage Investors, LLC ("**Atlas**") for its motion pursuant Federal Rule of Bankruptcy Procedure 1015(b) for entry of an order directing joint administration of the Debtors' cases ("**Motion**"), respectfully states:

1. On April 26, 2010, (the "**EWS Petition Date**"), Emidio Woodworking & Sons, Inc.("EWS") filed a voluntary petition for reorganization under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "**Bankruptcy Code**"). On April 27, 2010, (the "**ZFP Petition Date**") Zavarella Family Partnership, LLC ("ZFP") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Since the EWS Petition Date and the ZFP Petition Date, the Debtors have continued in possession and management of their businesses and properties as a debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. At all times relevant, the Debtor, ZFP was, and presently is, the record owner of real property located in the Town of Newington, County of Hartford, and State of Connecticut known as 105 Day Street (the "Property").

4. The Debtor, EWS, is in the business of manufacturing architectural millwork primarily for commercial customers. EWS' manufacturing facility is located at the Property.

5. Upon information and belief, Emidio Zavarella and Anna Zavarella (together, the "**Zavarellas**") are the sole members of ZFP and sole shareholders of EWS.

6. ZFP became indebted to Atlas in the original principal amount of $1,000,000.00 as evidenced by a Mortgage Note dated February 19, 2008, as amended by the First Omnibus Amendment to Loan Documents effective February 1, 2009 (as so amended, the "**Note**") made payable, together with interest, late charges, costs and expenses as set forth therein.

7. On February 19, 2008, to secure the Note, ZFP executed a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, as amended by the First Omnibus Amendment to Loan Documents (as so amended, the "**Mortgage**"), which Mortgage is conditioned upon the payment of the Note and was recorded on February 27, 2008 in the Newington Land Records in Volume 1963 at Pages 551-587. EWS is a guarantor of the Note.

8. Atlas is the owner and holder of the Note and Mortgage.

9. The principal balance due under the Note is $1,000,000.00 with interest accruing at a daily rate of $333.33 on and after June 18, 2009. Pursuant to the First Omnibus Amendment to Loan Documents, an unpaid loan extension fee of $20,000.00 was due June 1, 2009.

10. On November 4, 2009, Atlas obtained a Judgment of Foreclosure by Sale in the amount of $1,084,066.50, plus interest accruing at the statutory rate of 10% per year, plus fees in the Hartford Superior Court. On January 22, 2010, Atlas and ZFP filed a Joint Motion to Open

Judgment and for Judgment of Strict Foreclosure. On February 3, 2010, the Hartford Superior Court entered Judgment of Strict Foreclosure, setting a Law Day of April 27, 2010. EWS filed its Petition on April 26, 2010 and ZFP filed its Petition on April 27, 2010.

11.    Upon information and belief, the sole source of income of ZFP is the monthly rental payments from EWS. Atlas maintains an interest in those rents due to its Assignment of Leases and Rents.

12.    Federal Rule of Bankruptcy Procedure 1015(b)(4) provides: "If . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Atlas believes that ZFP and EWS are affiliates. Due to, among other things, the multiple financial and other interrelationships of the Debtors, joint administration of these cases will avoid much unnecessary time and expense. Many of the hearings, motions and orders that will arise in these chapter 11 cases will affect each of the Debtors. Thus, joint administration of these cases will reduce the costs of administration of these cases and ease the administrative burden of having to file multiple pleadings and documents.

13.    The rights of the Debtors' respective creditors will not be affected adversely by joint administration of these cases because this motion requests only administrative, not substantive, consolidation of the Debtors' estates. Thus, all of the Debtors' creditors will benefit from the reduced costs resulting from joint administration. The Debtors believe that no creditor of the Debtors' estates will be harmed by any conflict of interest resulting from the joint administration of these cases. In addition, the Court will be relieved of the burden of maintaining duplicative files.

13.    Atlas notes that on October 14, 2005, ZFP, EWS and the Zavarellas filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code (respectively, case no. 05-24616, 05-24611 and 05-24605). On November 10, 2005, the Court entered an Order granting the

22386.000/514971.1                                    -3-

Debtors Motion for Joint Administration (Doc. #59 in the lead case 10-24611), based upon the same grounds as this Motion.

14. Based on the foregoing, joint administration of these cases is in the best interests of the Debtors, their creditors and all other parties in interest.

15. Atlas requests that the caption of their jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re : | Chapter 11 |
| ZAVARELLA FAMILY PARTNERSHIP, LLC, : | Case No. 10-21365 |
| AND EMIDIO WOODWORKING & SONS, INC : | Case No. 10-21357 |
| Debtors. : | (Jointly Administered) |

Atlas further request that the Debtors' respective captioned and numbered cases be jointly administered under the Zavarella Family Partnership, LLC case and that the Clerk of the Court enter the following notation on the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Zavarella Family Partnership, LLC (Case No. 10-21365) and Emidio Woodworking & Sons, Inc. (Case No. 10-21357) and the docket in Case No. 10-21365 should be consulted for all matters affecting these jointly administered cases.

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Atlas requests that the Court enter an order directing that the Debtors' cases be jointly administered and granting such other relief as the Court deems just and proper.

Dated at New Haven, Connecticut, this 7th day of May, 2010.

ATLAS PARTNERS MORTGAGE INVESTORS, LLC

By /s/ Carol A. Felicetta
    Carol A. Felicetta
    Federal Bar No. ct07929
    Reid and Riege, P.C.
    195 Church Street, 15th Floor
    New Haven, CT 06510
    (203) 777-8008
    Fax (203) 777-6304
    cfelicetta@reidandriege.com
    Its Attorneys