UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZAVARELLA FAMILY LIMITED PARTNERSHIP, LLC. | : | Case No. 10-21365 |
| | : | |
| Debtor. | : | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| EMIDIO WOODWORKING & SONS, INC. | : | Case No. 10-21357 |
| | : | |
| Debtor. | : | |
| | : | |
| Atlas Partners Mortgage Investors, LLC<br>    Movant<br>V. | : | |
| | : | |
| Zavarella Family Limited Partnership, LLC.,<br>Emidio Woodworking & Sons, Inc, All Waste, Inc.,<br>State of Connecticut Department of Labor, Internal<br>Revenue Service, Baer Supply Company, and Town<br>of Newington | : | |
| | : | |
| Respondents. | : | |

## MOTION FOR RELIEF FROM STAY

The undersigned Movant, Atlas Partners Mortgage Investors, LLC, ("Atlas"), a secured creditor of Zavarella Family Limited Partnership, LLC ("ZFP"), by and through its undersigned attorneys, pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C. § 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1.  On April 26, 2010, (the "**EWS Petition Date**"), Emidio Woodworking & Sons, Inc.("EWS") filed a voluntary petition for reorganization under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "**Bankruptcy Code**"). On April 27, 2010, (the "**ZFP Petition Date**") Zavarella Family Partnership, LLC ("ZFP") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Since the ZFP Petition Date, the Debtors have continued in possession and management of their businesses and properties as a debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.  Upon information and belief, Emidio Zavarella and Anna Zavarella (together, the "**Zavarellas**") are the sole members of ZFP and sole shareholders of EWS.

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and § 157 (b)(2)(G) and 11 U.S.C. § 362 and §105. The matter set forth herein constitutes a case proceeding.

4.  By its PROMISSORY NOTE dated February 19, 2008, ZFP promised to pay to the order of Atlas the principal sum of One Million and no/100 ($1,000,000.00) Dollars, as amended by the First Omnibus Amendment to Loan Documents effective February 1, 2009)(as so Amended, the "Note"), made payable with interest thereon as provided in said Note. A copy of said Note is hereto annexed as Exhibit A. A copy of said First Omnibus Amendment to Loan Documents is hereto annexed as Exhibit B.

5.  By MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("Mortgage") dated February 19, 2008 to secure the Note, ZFP mortgaged to Atlas all of its right, title and interest in a certain piece or parcel of land more particularly identified as 105 Day Street, situated in the Town of Newington, County of Hartford and State of Connecticut, ("Property") as is more particularly described in Schedule A hereto annexed as

Exhibit C. Said Mortgage was recorded on February 27, 2008 in Volume 1963 at Pages 551-587 of the Newington Land Records. A copy of said Mortgage is annexed hereto as Exhibit D.

6. By GUARANTY dated February 19, 2008 by EWS (A copy of which is hereto annexed as Exhibit E) in which EWS guaranteed payment and performance to Atlas of the indebtedness and other obligations of ZFP. As Guarantor, EWS agreed that if for any reason ZFP failed or was unable to pay, punctually and fully, as stated in Note and Mortgage, Guarantor shall make due and punctual payment of the principal of any and all indebtedness, advances, debts, obligations and liabilities of the Debtor ZFP heretofore, now or hereafter made, incurred or created, whether voluntary or involuntary and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from time to time reduced or extinguished and thereafter increased or incurred or whether the Debtor ZFP may be liable individually or jointly with others; and that the Guarantor, EWS shall duly and punctually perform all of its other obligations, covenants and conditions as represented in the Guaranty. Said Guaranty was to be released upon performance of the agreement set forth in the First Omnibus Amendment to Loan Documents. It is the intent of Atlas, upon granting of this Motion For Relief From Stay to reopen the judgment and enforce the Guaranty.

7. Movant seeks relief for the purpose of prosecuting the State Court Foreclosure Action and obtain possession of the aforementioned collateral more particularly identified as 105 Day Street, situated in the Town of Newington, County of Hartford and State of Connecticut as further described in Schedule A attached hereto as Exhibit A.

8. The principal balance due under the Note is $1,000,000.00 with interest accruing at a daily rate of $333.33 on and after June 18, 2009. Pursuant to the First Omnibus Amendment to Loan Documents, an unpaid loan extension fee of $20,000.00 was due June 1, 2009.

9. On November 4, 2009, Atlas obtained a Judgment of Foreclosure by Sale in the amount of $1,084,066.50 plus fees in the Hartford Superior Court. On January 22, 2010, Atlas and ZFP filed a Joint Motion to Open Judgment and for Judgment of Strict Foreclosure. On February 3, 2010, the Hartford Superior Court entered Judgment of Strict Foreclosure, setting a Law Day of April 27, 2010. EWS filed its Petition on April 26, 2010 and ZFP filed its Petition on April 27, 2010.

10. The filing of said petitions operated as a stay, applicable to all entities, of the commencement or continuation of any action against the Debtor and its property pursuant to 11 U.S.C. §362.

11. Atlas claims an interest in said Property by virtue of Lis Pendens dated June 22, 2009 and recorded June 26, 2009 in Volume 2005 at Page 480 of the Newington Land Records. A copy of said Lis Pendens is attached hereto as Exhibit F.

12. The following are encumbrances that may be prior to Atlas:

    A. The Town of Newington may assert claims for taxes on the real property as prior in right to the Mortgage being foreclosed for taxes on the Grand List of 10/1/08 and thereafter.

    B. The Metropolitan District Commission may assert claims for water use, sewer use and/or assessment charges as may be due and payable.

13. The following encumbrances are subsequent in right to Atlas and recorded in the Newington Land Records :

    a. Subordination, Non-Disturbance and Attornment Agreement by Zavarella Family Partnership and LLC, Emidio Woodworking & Sons, Inc. in favor of Atlas Partners Mortgage Investors, LLC dated February 19, 2008 and recorded in Volume 1964 at Page 65 of the Newington Land Records.

      b.      Mechanic's Lien in favor of All Waste, Inc. and against Emidio Woodworking & Sons, Inc. and Zavarella Family Partnership, LLC in the original amount of $3,500.00 dated March 4, 2009 and recorded in Volume 1993 at Page 759 of the Newington Land Records.

14.      The following are claims made or may be made against Debtor(s):

      a.      State of Connecticut Department of Labor may claim an interest in the Guarantor's property by virtue of UCC-1's filed with the Connecticut Secretary of State on October 14, 2008 as document No. 2660757, on January 6, 2009 as document No. 2673626, on June 3, 2009 as document No. 269877; said claims are junior in right to the claim of Atlas and shall be foreclosed by the re-opening of the Superior Court CV-09-5031486 S.

      b.      Town of Newington may claim an interest in the Guarantor's Property by virtue of a UCC-1 filed with the Connecticut Secretary of State on October 14, 2008 as document No. 2655169; said claim is junior in right to the claim of Atlas and shall be foreclosed by the re-opening of the Superior Court CV-09-5031486 S.

      c.      Internal Revenue Service may claim an interest in the Guarantor's Property by virtue of UCC-1's filed with the Connecticut Secretary of State on October 7, 2008, as document No. 2661112, on January 6, 2009 as document No. 2673526, on January 29, 2009 as document No. 2677812, on May 12, 2009 as document No. 2695220; said claims are junior in right to the claim of Atlas and shall be foreclosed by the re-opening of the Superior Court CV-09-5031486 S.

      d.      Baer Supply Company may claim an interest in the Guarantor's Property by virtue of a UCC-1 filed with the Connecticut Secretary of State on April 2, 2009 as document No. 2687196; said claim is junior in right to the claim of Atlas and shall be foreclosed by the re-opening of the Superior Court CV-09-5031486 S.

15. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. ZFP has not provided adequate protection of Movant's interest in the premises which are the subject of the State Court Foreclosure on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1) for cause.

16. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(2), if the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization. The Movant is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(2)(A) because there is no realizable equity for ZFP or any unsecured creditors if they exist. Atlas believes that there is no likelihood of a successful reorganization in these cases.

17. The Movant requests that the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

18. The Movant finally requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement the requested order modifying the automatic stay.

WHEREFORE, the Movant requests:

A. Relief from Stay by allowing Movant to resume its foreclosure of the Mortgage and recover legal damages that may be found as to the Note in the matter of Atlas Partners Mortgage Investors, LLC v. Zavarella Family Partners, LLC, Emidio Woodworking & Sons, Inc., All Waste, Inc., State of Connecticut Department of Labor, Internal Revenue Service, Baer Supply Company and Town of Newington, Superior Court, State of Connecticut,

    Judicial District of Hartford at Hartford, the case being more particularly identified as Docket No. CV-09-5031486 S.

B.  the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

C.  that Fed.R.Bankr.P.4001(a)(3) be declared inapplicable and that the Movant be permitted to immediately enforce the order.

Dated at New Haven, Connecticut, this 10th day of May, 2010.

        ATLAS PARTNERS MORTGAGE
        INVESTORS, LLC


        By /s/ Carol A. Felicetta
          Carol A. Felicetta
          Federal Bar No. ct07929
          Reid and Riege, P.C.
          195 Church Street, 15th Floor
          New Haven, CT 06510
          (203) 777-8008
          Fax (203) 777-6304
          cfelicetta@reidandriege.com
          Its Attorneys