U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | ] CHAPTER 11 |
| | ] |
| EMIDIO WOODWORKING | ] CASE NO.10-21357 |
| & SONS, INC. | ] |
| Debtor | ] |
| | ] |
| TD BANK, N.A. | ] |
| Movant | ] |
| V. | ] |
| EMIDIO WOODWORKING | ] |
| & SONS, INC. | ] |
| Respondent | ] |

## AMENDED MOTION FOR RELIEF FROM STAY

The undersigned Movant, TD BANK, N.A., fka TD BANK NORTH, N.A., a secured creditor of the above named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C. § 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and Section 157 (b)(2)(G) and 11 U.S.C. Section 362 and Section 105. The matter set forth herein constitutes a case proceeding.

2. By its PROMISSORY NOTE ("NOTE 1"), dated December 12, 2000, ZAVARELLA FAMILY PARTNERSHIP, LLC promised to pay to the order of the FIRST MASSACHUSETTS BANK, N.A., the principal sum of Two Hundred Fifteen Thousand and no/100 ($215,000.00) Dollars, payable with interest thereon as provided in said NOTE. A copy of said Note is hereto annexed as Exhibit A.

3. By its GUARANTY dated December 12, 2000 ("GUARANTY 1") ")(A copy of which is hereto annexed as Exhibit B), Debtor EMIDIO WOODWORKING & SONS, INC. guaranteed to the LENDER that the ZAVARELLA FAMILY PARTNERSHIP, LLC, shall make due and punctual payment of the principal of any and all indebtedness, advances, debts, obligations, and liabilities of the ZAVARELLA FAMILY PARTNERSHIP, LLC heretofore, now, or hereafter made, incurred, or created, whether voluntary or involuntary and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from tome to time reduced or extinguished and thereafter increased or incurred or whether the ZAVARELLA FAMILY PARTNERSHIP, LLC may be liable individually or jointly with others; and that the ZAVARELLA FAMILY PARTNERSHIP, LLC shall duly and punctually perform all of its other obligations, covenants and conditions contained in NOTE 1.

4. By his GUARANTY dated December 12, 2000 ("GUARANTY 2") ")(A copy of

which is hereto annexed as Exhibit C), EMIDIO ZAVARELLA guaranteed to the LENDER that the ZAVARELLA FAMILY PARTNERSHIP, LLC, shall make due and punctual payment of any and all indebtedness, advances, debts, obligations, and liabilities of the ZAVARELLA FAMILY PARTNERSHIP, LLC heretofore, now, or hereafter made, incurred, or created, whether voluntary or involuntary and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from tome to time reduced or extinguished and thereafter increased or incurred or whether ZAVARELLA FAMILY PARTNERSHIP, LLC may be liable individually or jointly with others.

    5. By her GUARANTY dated December 12, 2000 ("GUARANTY 3") ")(A copy of which is hereto annexed as Exhibit D), ANNA ZAVARELLA guaranteed to the LENDER that the ZAVARELLA FAMILY PARTNERSHIP, LLC, shall make due and punctual payment of the principal of NOTE 1 and the interest thereon, when due and payable, whether on any installment payment date or at the stated or accelerated maturity, and all sums and charges which may now, or hereafter made, incurred, or created, whether voluntary or involuntary and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from tome to time reduced or extinguished and thereafter increased or incurred or whether ZAVARELLA FAMILY PARTNERSHIP, LLC may be liable individually or jointly with others.

6. By their OPEN-END MORTGAGE DEED and SECURITY AGREEMENT ("MORTGAGE 1") dated December 12, 2000, EMIDIO ZAVARELLA and ANNA F. ZAVARELLA, to secure NOTE 1, mortgaged to FIRST MASSACHUSETTS BANK, N.A., all of their right, title and interest in a certain piece or parcel of land more particularly identified as 615 Ridge Road, situated in the Town of Wethersfield, County of Hartford and State of Connecticut, ("PREMISES") as is more particularly described in Schedule A hereto annexed. Said Mortgage was recorded on December 13, 2000 in Volume 820 at Page 91 of the Wethersfield Land Records. A copy of said Mortgage is hereto annexed as Exhibit E.

7. Thereafter, the BORROWER entered into a CHANGE IN TERMS OF AGREEMENT dated January 22, 2002 which increased the principal amount of NOTE 1 to Five Hundred Sixty One Thousand One Hundred Twelve and 65/100 ($561,112.65) Dollars. A copy of said Agreement is hereto annexed as Exhibit F.

8. The BORROWER has defaulted under the terms of the NOTE 1 and the Movant, as holder in due course of said NOTE 1, has exercised its option to declare the entire balance due on the NOTE 1.

9. On or about November 12, 2009, the movant commenced an action to foreclose MORTGAGE 1 in the Superior Court, State of Connecticut, Judicial District of Hartford at Hartford, the case being more particularly identified as Docket No. CV-09-6005519-S ("State Court

Foreclosure Action").

10. On April 26, 2010, the Debtor EMIDIO WOODWORKING & SONS, INC., filed a voluntary petition for a Chapter 11 Bankruptcy in the United States Bankruptcy Court, District of Connecticut (Hartford), CASE NO. 10-21357.

11. The filing of said petition operated as a stay, applicable to all entities, of the commencement or continuation of any action against the Debtor and its property pursuant to 11 U.S.C. Section 362.

12. Movant seeks relief for the purpose of prosecuting the State Court Foreclosure Action and obtain possession of the aforementioned collateral more particularly identified as 615 Ridge Road, situated in the Town of Wethersfield, County of Hartford and State of Connecticut and in Schedule A hereto annexed..

13. As to NOTE 1, there is, as of April 27, 2010, due and unpaid to the plaintiff the following amount:

| | |
|---|---|
| Principal: | $ 190,595.63 |
| Interest as of 4/27/10: | $ 64.132.67 |
| **TOTAL:** | $ 254,728.30 |

(Per Diem $45.00)

14. On December 20, 2009, Norman Goodman appraised the property known as 615 Ridge

Road, Wethersfield, CT and estimated the Fair Market Value to be Six Hundred Twenty Five Thousand and no/100 ($625,000.00) Dollars. A copy of the Appraisal is hereto annexed as Exhibit I.

15. The following encumbrances are a recorded in the land records of the Town of Wethersfield as against the Premises located at 615 Ridge Road, Wethersfield, CT:

a. The Metropolitan District (MDC) claims or may claim an interest in said premises by virtue of a Certificate of Lien in the original principal amount of $1,272.16 dated March 17, 2006 and recorded on March 21, 2006 in Volume 1321 at Page 41 of the Wethersfield Land Records and any and all water and sewer usage assessments as the same may be recorded or assessed against the property.

b. Centerbank Mortgage Company claims or may claim an interest in said premises by virtue of a Mortgage in the original principal amount of $300,000.00 dated January 3, 1996 and recorded on January 9, 1996 in Volume 601 at Page 322 of the Wethersfield Land Records.

c. The Defendant JOHN FARNHAM, et al., as TRUSTEE of CONNECTICUT STATE COUNCIL OF CARPENTERS STATE WIDE BENEFIT FUNDS claims or may claim an interest in said premises by virtue of a Judgment Lien in the original principal amount of $15,125.00 dated June 7, 2002 and recorded on June 14, 2002 in Volume 931 at page 174 of the Wethersfield Land Records.

d. The Defendant FORSTER DEAN ATWOOD FORSTERS PAINTING claims or may

claim an interest in said premises by virtue of a Claim of Lien in the original principal amount of $1,800.00 dated July 31, 2002 and recorded on August 2, 2002 in Volume 941 at Page 219 of the Wethersfield Land Records.

    e. The Defendant THE UNITED STATES OF AMERICA – DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE claims or may claim an interest in said premises by virtue of a Notice of Federal Tax Lien in the original principal amount of $10,504.79 dated June 11, 2003 and recorded on June 13, 2003 in Volume 1047 at Page 140 of the Wethersfield Land Records.

    f. The Defendant WELCO DISTRIBUTERS, INC., claims or may claim an interest in said premises by virtue of a Judgment Lien in the original principal amount of $22,162.79 dated October 4, 2004 and recorded on October 5, 2004 in Volume 941 at Page 219 of the Wethersfield Land Records.

    g. The Defendant JEFFERSON X-RAY GROUP, PC dba HOSPITAL RADIOLOGISTS claims or may claim an interest in said premises by virtue of a Judgment Lien in the original principal amount of $213.00 dated May 11, 2005 and recorded on June 1, 2005 in Volume 1251 at Page 8 of the Wethersfield Land Records.

    h. The Defendant JOHN FARNHAM, et al., as TRUSTEE of CONNECTICUT STATE

COUNCIL OF CARPENTERS STATE WIDE BENEFIT FUNDS claims or may claim an interest in said premises by virtue of Judgment Lien in the original principal amount of $30,566.42 dated March 1, 2005 and recorded on March 4, 2005 in Volume 1231 at Page 107 of the Wethersfield Land Records.

    i. The Defendant TD BANK, N.A., claims or may claim an interest in said premises by virtue of a Lis Pendens dated February 18, 2005 and recorded on February 22, 2005 in Volume 1227 at Page 294 of the Wethersfield Land Records.

    j. The Defendant TD Bank, N.A. claims or may claim an interest in said premises by virtue of a Mortgage in the original principal amount of $100,000.00 dated September 1, 2005 and recorded on September 8, 2005 in Volume 1278 at Page 175 of the Wethersfield Land Records.

    k. The Defendant THE UNITED STATES OF AMERICA – DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE claims or may claim an interest in said premises by virtue of:

        i. a Notice of Federal Tax Lien in the original principal amount of $218,628.33 dated September 25, 2008 and recorded on October 6, 2008 in Volume 1496 at Page 124 of the Wethersfield Land Records; and

        ii. a Notice of Federal Tax Lien in the original principal amount of $31,968.71 dated

September 25, 2008 and recorded on October 6, 2008 in Volume 1496 at Page 125 of the Wethersfield Land Records.

 l. The Defendant ZEISLER & ZEISLER, P.C., claims or may claim an interest in said premises by virtue of a Mortgage in the original principal amount of $105,000.00 dated November 26, 2008 and recorded on December 8, 2008 in Volume 1503 at Page 16 of the Wethersfield Land Records.

 m. The Defendant THE UNITED STATES OF AMERICA – DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE claims or may claim an interest in said premises by virtue of a Notice of Federal Tax Lien in the original principal amount of $26,121.64 dated January 9, 2009 and recorded on January 20, 2009 in Volume 1507 at Page 40 of the Wethersfield Land Records; and

 n. The Defendant WACHOVIA BANK, N.A., claims or may claim an interest in said premises by virtue of a Lis Pendens dated September 8, 2009 and recorded on September 9, 2009 in Volume 1551 at Page 228 of the Wethersfield Land Records.

 16. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. The Debtor EMIDIO WOODWORKING & SONS, INC. has not provided adequate protection of Movant's

interest in the premises which are the subject of the State Court Foreclosure on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(1) for cause.

17. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2), if the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization. The Movant is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2)(A) because there is no realizable equity for the Debtor EMIDIO WOODWORKING & SONS, INC. or any unsecured creditors if they exist and the property is not necessary for an effective reorganization.

18. The Movant requests that the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

19. The Movant finally requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the automatic stay.

WHEREFORE, the Movant requests:

A. relief from Stay by allowing Movant to resume its foreclosure of MORTGAGE 1 and determine a deficiency amount if one exists with respect to its guaranty obligations concerning NOTE 1 as to Debtor EMIDIO WOODWORKING & SONS, INC. in the matter of <u>TD BANK, N.A. v. EMIDIO WOODWORKING & SONS, INC.</u>, et al., Superior Court, State of Connecticut, Judicial District of Hartford at Hartford, the case being more particularly identified as Docket No. CV-09-6005519-S Docket No. CV-08-5004597 S.

B. the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

C. that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant be permitted to immediately enforce the order.

Dated in New Haven, Connecticut this 18th day of May, 2010.

                          THE MOVANT TD BANK, N.A.
                        BY: /s/ Scott C. DeLaura
                          Scott C. DeLaura
                          PALUMBO & DELAURA, LLC
                          528 Chapel Street
                          New Haven, CT 06511
                          Tel. (203) 773-1113
                          Fax (203) 773-1597
                          Federal Bar No. Ct 24157

Case 10-21357    Doc 40    Filed 05/18/10    Entered 05/18/10 09:04:22    Desc Main
          Document      Page 12 of 14

U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | ] CHAPTER 11 |
| | ] |
| EMIDIO WOODWORKING | ] CASE NO.10-21357 |
| & SONS, INC. | ] |
| Debtor | ] |
| | ] |
| TD BANK, N.A. | ] |
| Movant | ] |
| V. | ] |
| EMIDIO WOODWORKING | ] |
| & SONS, INC. | ] |
| Respondent | ] |

<u>PROPOSED O R D E R: MOTION FOR RELIEF FROM STAY</u>

Upon Motion For Relief From The Automatic Stay Doc. I.D. no._____, having been properly served upon the Debtors, and the Trustee and the motion having been heard by the Court and it appearing that there is good cause to grant relief from stay, it is hereby:

ORDERED, that in accordance with Section 362(d), the automatic stay of proceedings is hereby terminated as to TD BANK, N.A., to permit the Movant, TD BANK, N.A. to resume its foreclosure of MORTGAGE 1 and determine a deficiency amount if one exists with respect to its guaranty obligations concerning NOTE 1 as to Debtor EMIDIO WOODWORKING & SONS, INC. in the matter of <u>TD BANK , N.A. v. EMIDIO WOODWORKING & SONS, INC.</u>, et al., Superior

Court, State of Connecticut, Judicial District of Hartford at Hartford, the case being more particularly identified as Docket No. CV-09-6005519-S Docket No. CV-08-5004597 S.

It is further Ordered that this Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days so that no further automatic stay shall arise in that case as to the Property.

It is further Ordered that the 10 day stay of Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant be permitted to immediately implement this order granting relief from automatic stay.

**No deficiency judgment shall be enforced as against the** EMIDIO WOODWORKING & SONS, INC. **without further order of this Court.**

Dated in New Haven, Connecticut this _____ day of _____, 200__.

_____

UNITED STATES BANKRUPTCY JUDGE